PEOPLE ex rel. EVERETT v. SUP'RS OF ULSTER CO. 185

Third Department, January Term, 1883.

THE PEOPLE OF THE STATE OF NEW YORK ex rel.
JAMES H. EVERETT and JOSEPH C. TREADWELL,
Respondents, v. THE BOARD OF SUPERVISORS OF
ULSTER COUNTY, Appellant.

*Commissioners of highways are not agents of the town — a judgment against the
commissioners is not a judgment against the town.*

A judgment recovered against the commissioners of highways of a town is not
a judgment against the town, and the board of supervisors of the county
cannot be compelled by *mandamus* to levy the amount thereof, upon the
property of the town.

Appeal from an order awarding a peremptory writ of *mandamus*
commanding the defendant to apportion the amount of a certain
judgment recovered by the relator, upon certain towns in Ulster
county, which formerly constituted the town of Kingston, and to
levy the amount so apportioned upon them. The relators recovered
the judgment on January 2, 1882, against the then commissioners
of highways of the town of Kingston. The judgment was recov-
ered for services rendered in grading and repairing a highway in
the town, in pursuance of a contract entered into with the com-
missioners of highways.

*John J. Linson* and *Howard Chipp, Jr.*, for the appellant.

*J. Newton Fiero*, for the respondents.

By the Court:

A question is presented in this case which does not arise in the
cases of similar character argued at this term.

The relators have only a judgment against the commissioners of
highways. This is not a judgment against the town. (*People ex
rel. Van Keuren* v. *Auditors*, 74 N. Y., 311; Laws 1880, chap.
554; 2 R. S., m. p. 474, § 102, etc.)

The judgment is to be collected from the commissioners (2 R. S.,
m. p. 476, § 108, as modified by section 1931, Code of Civil Pro-
cedure). When they shall have paid it, it may be allowed in their
accounts. We cannot determine whether or not these commission-
ers will have any claim against the town upon their accounting.

There is nothing in the remark to which we are referred, made in *Van Alstyne* v. *Freday* (41 N. Y., 177), which should change the principle above stated. At present there is no judgment against the town and no allowance of the claim by the town auditors.

For these reasons, without passing on the other questions, the order should be reversed, with costs of appeal, and motion for *mandamus* denied, with fifty dollars costs, under section 2086 of the Code.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order reversed, with costs of appeal, and motion for *mandamus* denied, with fifty dollars costs, under section 2086 of the Code of Civil Procedure.